UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

IN RE RICHARD FARIBORZ AFRAND

RICHARD FARIBORZ AFRAND,

    Appellant

v.

BRIAN D. SHAPIRO, et al.,

    Appellees

Case No.: 2:25-cv-00131-APG

**Order Denying Without Prejudice Motion for Leave to Proceed in Forma Pauperis**

[ECF No. 16]

Pro se appellant Richard Afrand filed an application to proceed in forma pauperis. ECF No. 16. However, the application does not adequately address Afrand's ability to pay the filing fee. I therefore deny his application without prejudice.

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." There "is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [in forma pauperis] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation omitted). If an individual is unable or unwilling to verify their poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

status and to deny a request to proceed in forma pauperis. *See, e.g.*, *Marin v. Hahn*, No. 06-56042, 271 Fed. App'x 578, 2008 WL 819197, at *1 (9th Cir. March 24, 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed in forma pauperis because he "failed to verify his poverty adequately"). Misrepresentation of assets is sufficient grounds for denying an in forma pauperis application. *See, e.g.*, *Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after a litigant misrepresented assets on his in forma pauperis application).

      Afrand's application raises questions regarding his ability to pay the filing fee in this case. In response to question two, Afrand stated "N/A" regarding his employer's name and address. ECF No. 16 at 1. But then he stated that he had gross wages and take-home wages of $967 per month. *Id.* It is unclear how Afrand earns wages while not employed or why, if the $967 is wages, his gross and take-home pay are the same (i.e., nothing is withheld for taxes). If the $967 per month is some form of government assistance, a pension, or some other form of payment, Afrand must state that under question three, not as employer-paid wages under question two.

      In response to question five, Afrand indicated that he owns a $400,000 house and a $12,000 automobile, but in response to question six, Afrand does not identify a house or car loan payment. *Id.* at 2. Further, Afrand indicated in response to question eight that he has no debts or financial obligations. *Id.* If Afrand owns a $400,000 house and $12,000 car free and clear of any loans, it is unclear why he cannot afford to pay the filing fee in this case.

      Given these issues, I cannot determine whether Afrand qualifies for in forma pauperis status. I will give him another opportunity to file a complete in forma pauperis application. I advise Afrand that he may not leave any questions blank and he must describe each source of

money that he receives, state the amount he received, and what he expects to receive in the future.  Alternatively, Afrand may pay the filing fee in full.

I THEREFORE ORDER that appellant Richard Afrand's application to proceed in forma pauperis **(ECF No. 16) is DENIED without prejudice**.  Afrand has until April 11, 2025 to file an updated application to proceed in forma pauperis as specified in this order or pay the filing fee.  Failure to timely comply with this order may result in this case being dismissed.

DATED this 21st day of March, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE