UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE RICHARD FARIBORZ AFRAND<br><br>RICHARD FARIBORZ AFRAND,<br>    Appellant<br>v.<br>BRIAN D. SHAPIRO, et al.,<br>    Appellees | Case No.: 2:25-cv-00131-APG<br><br>**Order Denying Motion for Leave to Proceed in Forma Pauperis**<br><br>[ECF No. 19] |

    Pro se appellant Richard Afrand filed an application to proceed in forma pauperis. ECF No. 19. I deny the application because it appears from the application that he can pay the filing fee.

    Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." There "is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [in forma pauperis] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

    The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation omitted). If an individual is unable or unwilling to verify their poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

status and to deny a request to proceed in forma pauperis. *See, e.g., Marin v. Hahn*, No. 06-56042, 271 Fed. App'x 578, 2008 WL 819197, at *1 (9th Cir. March 24, 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed in forma pauperis because he "failed to verify his poverty adequately"). Misrepresentation of assets is sufficient grounds for denying an in forma pauperis application. *See, e.g., Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after a litigant misrepresented assets on his in forma pauperis application).

Afrand's application states that he receives $967 in disability payments and $284 in SNAP per month. ECF No. 19 at 1. He identifies $620 in monthly expenses. *Id.* at 2. Afrand also indicates that he owns a $400,000 house and a $12,000 automobile "Paid in Full." *Id.* at 2. Afrand does not explain why, given these assets, he cannot pay the filing fee either out of his disability and SNAP payments that exceed his expenses by over $600 per month or through other means, for example, a loan secured by the car or house. Consequently, I deny Afrand's application, and Afrand must pay the filing fee in full.

I THEREFORE ORDER that appellant Richard Afrand's application to proceed in forma pauperis **(ECF No. 19) is DENIED**. Afrand has until April 18, 2025 to pay the filing fee. Failure to timely comply with this order may result in this case being dismissed.

DATED this 31st day of March, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE